**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51230**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: February 5, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| LELAND JACK DEWOLFE, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. James S. Cawthon, District Judge.

Judgment of conviction and unified sentence of ten years with four years determinate for domestic battery and a consecutive indeterminate sentence of three years for intimidating, impeding, influencing, or preventing the attendance of a witness, _affirmed_.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

_____

PER CURIAM

Leland Jack DeWolfe pled guilty to one count of felony domestic violence or battery, Idaho Code §§ 18-918(2), 18-903(a) and one count of intimidating, impeding, influencing, or preventing the attendance of a witness, I.C. § 18-2604. In exchange for his guilty plea, additional charges were dismissed. The district court imposed a unified term of ten years with four years determinate for felony domestic violence or battery and a consecutive, indeterminate term of three years for intimidating, impeding, influencing, or preventing the attendance of a witness. DeWolfe filed an

1

Idaho Criminal Rule 35 motion, which the district court denied.[1] DeWolfe appeals asserting that the district court abused its discretion by imposing an excessive sentence.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, DeWolfe's judgment of conviction and sentence, is affirmed.

---

[1] DeWolfe states the issue on appeal "Is Mr. DeWolfe's sentence excessive?" In argument DeWolfe states "Mr. DeWolfe contends that his 13-year prison term, with four years fixed, without retained jurisdiction, is excessively harsh in light of the facts of his case, including those presented with his Criminal Rule 35(b) motion for reduction of sentence." DeWolfe does not present the standard of review for the denial of a Rule 35 motion or argument that the district court abused its discretion in denying the Rule 35 motion. Consequently, we will neither review the district court's denial of DeWolfe's Rule 35 motion nor consider any information submitted therewith in reviewing the sentence imposed.